211 West Fort Street  
Detroit, MI 48226

**UNITED STATES BANKRUPTCY COURT**  
Eastern District of Michigan

Case No.: **11−53376−swr**

In Re: (NAME OF DEBTOR(S))

   Marilyn Fessler

_____/

## **CHAPTER 13 CASE MANAGEMENT ORDER**

To further the expeditious and economical resolution of this case, and pursuant to the Court's authority under 11 U.S.C. §§ 105(d), the following procedures shall apply in this case:

1. By 4:30 p.m. on the Thursday before any confirmation hearing, whether the original hearing or any adjourned hearing, the debtor shall email to the trustee and file a "Debtor's Chapter 13 Confirmation Hearing Certificate " using the form that is available on the Court's website, www.mieb.uscourts.gov. Both Word and WordPerfect formatted versions of this form are available. The trustee's email for this purpose is swrconf@det13ksc.com. The email address shall be used only for this purpose.

    (a) A debtor who is seeking a first adjournment of a confirmation hearing must submit a proposed stipulation for adjournment to the Trustee no later than 4:30 p.m. on the second Monday before the confirmation hearing date. The stipulation for adjournment must contain the signature of any creditor who has filed a formal objection to confirmation.

    (b) A request for first adjournments of confirmation hearing does not relieve debtor's counsel of the obligation to comply with the Case Management Order or to timely file a Confirmation Hearing Certificate. The Confirmation Hearing Certificate shall indicate that a stipulation for adjournment with concurrence of objecting parties has been submitted to the Trustee.

2. If the "Chapter 13 Confirmation Hearing Certificate " states that the debtor intends to seek confirmation of the debtor's plan, then the debtor shall, by the deadline established in paragraph 1, email to the trustee an electronic version of a proposed order confirming plan in Word or WordPerfect format. A form order confirming plan in these two formats is available on the Court's website. **If the debtor files or serves an amended plan, any amendments to any schedules or to the statement of financial affairs, or any other paper in response to a plan objection (other than a proposed Order Confirming Plan) later than 4:30 p.m. on the second Monday before the confirmation hearing date, the Court will not consider confirmation of the plan at the confirmation hearing. In addition, the debtor's Chapter 13 Confirmation Hearing Certificate filed for the confirmation hearing shall not state an intent to seek plan confirmation.**

    (a) Before submitting the proposed order confirming plan to the trustee, the debtor shall undertake all reasonable efforts to resolve all objections that were timely filed by creditors and the trustee.

    (b) If all timely creditor objections are resolved, the debtor shall obtain the written signatures of the attorneys who filed objections. These signatures shall be on a paper original of a proposed order confirming the plan. With consent, a signature may be executed by the debtor's attorney. The debtor shall then email to the trustee an electronic version of the same proposed order confirming plan, with electronic signatures.

    (c) If, after all reasonable efforts, impasse is reached between the debtor and any objecting parties (creditors or the trustee) regarding any timely objections, then the debtor shall email to the trustee, as set forth in paragraph 2(b), a proposed order confirming the plan that is signed by the creditors whose objections have been resolved, and that states the debtor's proposed resolution of the parties' unresolved objections.

3. **If the debtor does not file a fully completed "Debtor's Chapter 13 Confirmation Hearing Certificate " as required, the Court will assume that the debtor has decided to dismiss the case and will enter an order of dismissal** *on the Monday before the scheduled confirmation hearing, and the hearing will be cancelled.*

4. If a pro se debtor does not have access to email, the debtor may deliver, to the trustee, paper copies of the required documents that may be obtained in the Clerk's office.

Dated: 5/12/11

                                              /s/   Steven W. Rhodes
                                        Steven W. Rhodes
                                        United States Bankruptcy Judge