UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN RE:

Marilyn Fessler                          CHAPTER 13
                                                  CASE NO. 11-53376
                                                  JUDGE STEVEN W. RHODES

                         Debtor.
_____/

## ORDER EXCUSING ENTRY OF THIRD PARTY PAYMENT ORDER
## AND ORDER TO DEBTOR TO REMIT PAYMENTS TO CHAPTER 13 TRUSTEE
## BY ELECTRONIC TRANSFER OF FUNDS

      The above named Debtor having filed a petition for relief under Chapter 13 of the Bankruptcy Code, and having sought to excuse entry of a third-party payment order as required by E.D. Mich. LBR 1007-1(c)(1)(A) and requesting to remit payments to the Chapter 13 Trustee by electronic transfer of funds pursuant to E.D. Mich. LBR 1007-1(c)(1)(B) from the debtor's bank account for the following reasons: Marilyn is self employed and further seeking entry of this Order without notice inasmuch as the third-party payment order may be entered without notice, and the consent of the Trustee having been obtained, and the Court being otherwise sufficiently advised in the premises;

      IT IS HEREBY ORDERED that entry of a third-party payment order pursuant to E.D. Mich. LBR 1007-1(c)(1)(A) is excused pursuant to E.D. Mich. LBR 9029-1(e) in the above-captioned matter, or in the event a previous third-party payment order was entered, said Order is voided and held for naught until further Order of the Court;

      IT IS FURTHER ORDERED that within 10 days of the entry of this Order, the Debtor shall complete the approved **Authorization Agreement for Preauthorized Payments (ACH)\*\*** authorizing the Chapter 13 Trustee, Krispen S. Carroll, or her successor, to initiate debit and/or credit entries to the bank account listed in the agreement in the amount of $24.80 per month until further order of the Court;

      IT IS FURTHER ORDERED that these payments shall commence as of June 9, 2011, as required by 11 USC § 1326(a)(1). ).  Any attempt to terminate the ACH or challenge a withdrawal made pursuant to the ACH shall be made only after obtaining permission of the Bankruptcy Court.  Failure to seek prior authorization to terminate the agreement or challenge a withdrawal under the agreement may constitute cause for dismissal pursuant to 11 USC §1307 and may result in further sanctions, as determined by the court.

      IT IS FURTHER ORDERED that Counsel for Debtor shall serve a copy of the Order upon the Debtor.
.

**Signed on July 06, 2011**

                                                                _____/s/ Steven Rhodes_____
                                                                       **Steven Rhodes**
                                                                       **United States Bankruptcy Judge**