UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re
MARILYN FESSLER

    Debtor.       Case No.    11-53376
    Chapter 13
    Hon. Steven W. Rhodes

_____

**REPLY BRIEF IN SUPPORT OF BELFOR USA GROUP, INC.'S MOTION TO DISMISS DEBTOR'S BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 1307**

**INTRODUCTION**

Throughout the Debtor's Objection to Belfor USA Group, Inc.'s ("Belfor") Motion to Dismiss ("Objection"), the Debtor spends the majority of her time contending that: (i) Belfor did not adequately complete its contract; (ii) Belfor hoodwinked the state court into almost getting a personal judgment against her; (iii) Belfor's claims have yet to be adjudicated against the Debtor; and (iv) the Debtor would like an opportunity to defend Belfor's claims on the merits. Quite frankly, the Debtor's opportunity to defend Belfor's claim was at the scheduled hearing on Belfor's Motion for Contempt. The Debtor, instead of defending Belfor's claim, filed her bankruptcy petition *the day before the hearing* in the state court. By filing bankruptcy, the Debtor's automatic stay stopped the state court process and now, ironically, the Debtor claims she never had the opportunity to litigate the claims against her. Such a claim is disingenuous. If the Debtor would like such an opportunity, then Belfor's Motion to Dismiss should be granted and the parties should continue litigating this dispute in the Oakland County Circuit Court.

1

# ARGUMENT

## A. THE DEBTOR'S ATTEMPT TO REARGUE AND REVISIT THE STATE COURT JUDGMENT PROVES THAT THE PARTIES' DISPUTE SHOULD BE BEFORE THE STATE COURT.

Throughout the Debtor's Objection and Affidavit, the Debtor contends that "[a]t a minimum, [she] is entitled to an opportunity to respond to the allegations against her and not to be bound by a judgment in a case in which she was not a party. The law demands this opportunity…." Objection, p. 8. The Debtor further contends that Belfor's claim is invalid and that "Ms. Fessler must be afforded the opportunity to defend these claims." *Id*. at p. 12. The purpose of Belfor's Motion to Dismiss is to give the Debtor this opportunity – to continue this two-party dispute in the Oakland County Circuit Court where it belongs. In that venue, she can raise her objections and arguments with the Oakland County Circuit court to modify its order and/or set it aside. Indeed, that is the proper place for her to raise such arguments, not here.

## B. THIS IS A TWO-PARTY DISPUTE: DEBTOR'S REFERENCE TO THE PNC GUARANTY IS DISENGENOUS.

In an attempt to refute Belfor's contention that this is a two-party dispute between the Debtor and Belfor, the Debtor contends that her *unknown* debt with PNC Bank is the other "reason" for filing bankruptcy. This contention is meritless. The PNC guaranty was entered into forbearance in 2008 and will not expire until May, 2012. (Objection, Ex. E). Moreover, Debtor has offered no evidence that PNC is foreclosing on the property, collecting under the guaranty or is otherwise demanding payment of the guaranty. Indeed, the Debtor cannot even identify the amount at issue, while at the same time claiming that the PNC Guaranty was a

crucial factor in her determination to file bankruptcy[1]. A point she did not raise during her 341 meeting of creditors. Since Belfor was the only creditor knocking on the Debtor's door, it is clear that this is a two-party dispute between Belfor and the Debtor. Indeed, the Debtor spends the majority of her Objection rehashing the state court judgment and requesting an opportunity to respond to the litigation—the Debtor has such an opportunity in the state court action.

## CONCLUSION

The facts are simple: Debtor filed bankruptcy the day before the Motion for Contempt and the Debtor testified at her 341 Meeting that she filed bankruptcy as a direct result of Belfor's Motion for Contempt and that she was current with her other creditors. The Debtor's sole purpose in filing bankruptcy is clear: to use it as a sword to circumvent Belfor's collection efforts.

For the reasons set forth above, Belfor respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted,

/s/ Jonathan C. Myers
Jonathan C. Myers (P69972)
JAFFE RAITT HEUER & WEISS, P.C.
Attorneys for Belfor USA Group, Inc.
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248-351-3000
jmyers@jaffelaw.com

---

[1] Debtor's assertion that "it is entirely disingenuous for Belfor to claim no knowledge of the liabilities to PNC Bank…as PNC Bank intervened in the [State Court Action]" is without merit. Objection, p. 10. PNC intervened in order to assert its mortgage interest in the subject property. At no time did PNC identify that it had a guaranty with the Debtor.